Henry A. Mix *et al.*, Appellants, *v.* The People, Appellees.

APPEAL FROM OGLE.

On a proceeding by *scire facias* upon a common recognizance, for the appearance of an accused party to answer an indictment, a verdict which finds the issues for the plaintiff, will authorize the court to award execution. It might be different, if an action of debt should be brought on the recognizance.

THIS decision is upon a petition for a re-hearing of the case reported in 26th Illinois Reports, page 480. The grounds for a re-hearing are stated in the opinion of the Court by Mr. Justice BREESE.

GLOVER, COOK & CAMPBELL, for Appellants.

D. P. JONES, for The People.

BREESE, J. The re-hearing in this case was ordered under peculiar circumstances, implicating the professional conduct of one of the parties to the record, founded on an affidavit of the clerk of the Circuit Court of Ogle county, from which county the record came. It would appear, from that affidavit, that replications had been put in to all the special pleas, and the fact concealed, for improper purposes. We are now fully satisfied, on affidavits since presented, that no charge of improper conduct can exist against the attorney, as alleged, and that he is entirely free from all censure in the matter.

It will be seen by reference to the case, (*Mix et al.,* v. *The People,* 26 Ill. 481), that the ground on which we reversed the judgment, was, that no replications had been filed to five of the defendant's special pleas. Replications, it now appears, were filed, but another point made in the case, and which is now brought to our attention, was not then noticed.

The point is, that the verdict of the jury finds neither a certain amount of debt or of damages. The case was a *scire facias* upon a common recognizance for the appearance of an accused party to answer any indictment which might be found against him. The verdict of the jury was, " we find the issues for the plaintiff," on which verdict, the court adjudged that the people have execution against the principal, for the sum of five hundred dollars, the penalty in the recognizance, and against Mix and Woodcock, each, for the sum of two hundred and fifty dollars, the penalty in the same recognizance.

The issues before the jury were various, and all of them tendered by the sureties, the principal not having been served with process, and the case is brought here by the sureties, and they make the point that the verdict should have found a sum

certain, as due from the defendants to the plaintiff. One of the issues was *nul tiel record*, the defendants alleging there was no record of the recognizance, on which the *scire facias* issued. Another was, no such judgment upon the records of Ogle county, as is alleged in the *scire facias*. Another was, that they were always ready to surrender the body of their principal, but there was no indictment on which to surrender him. The fourth issue was, that the principal was dead, and could not be surrendered—the fifth, that there was no indictment against him, and the sixth was, that no indictment was ever returned into the Ogle Circuit Court against the principal.

It will be perceived that there was no money demand against the defendants, on which the suit was brought. The *scire facias* was to show cause why execution should not issue, for the penalty of the recognizance, which had been forfeited, and a judgment regularly entered for the penalty, at a previous term, at which the recognizance was estreated. The jury, we apprehend, had nothing to do with the amount of the recovery. They were to find only, whether any of the various causes assigned in the pleas were sufficient to bar the execution, and they find against the defendants; they find that the facts pleaded were not established. On this finding, it would seem the order for an execution was the necessary and only consequence. The record does not show the entry of a judgment for money against the defendants, on this finding, nor should it; it would have been irregular, a judgment having before been entered up; but merely, that the people have execution of this judgment so entered up, on estreating the recognizance. The cases cited, are not applicable to a case like this. In those cases, the suits were brought on bonds with penalties, to recover a certain sum in *numero*, in which if tried by a jury, there should be found as well the debt as the damages specifically. In this case, the court had theretofore estreated the recognizance and entered judgment for the penalty, and this proceeding by *scire facias* was merely for execution, and the court only adjudged that for anything shown by the defendants in their several pleas, execution

should issue. It would be different, and the cases cited would apply, had an action of debt been brought on the recognizance. That recognizance, on this proceeding, was not in the case. It had been estreated, and a judgment entered for the penalty. By the indulgence of the law, the defendants were permitted to show why execution should not issue on this judgment, as in other cases of *scire facias* on other judgments. Their pleas were found against them, and the award of execution was the necessary consequence. We perceive no error in the record, and therefore affirm the judgment.

*Judgment affirmed.*